**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAULA BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC. d/b/a CVS HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-12141 |

**COMPLAINT**

Plaintiff Paula Blair, through her undersigned counsel, files this Complaint against Defendant CVS PHARMACY, INC. d/b/a CVS HEALTH ("CVS") and alleges as follows:

**NATURE OF THE ACTION**

For more than four years, CVS allowed Advanced Practice Registered Nurse Paula Blair to treat patients with two modest accommodations for a fused wrist: if a patient ever needed CPR, a pharmacist would perform chest compressions while Blair ran the emergency, and Blair would not perform pelvic exams without assistance. Blair never had to perform CPR on a patient in her nearly 13.5 years of employment. CVS continued to acknowledge Blair's excellent performance despite her accommodations.

Then, on June 6, 2024, two days before Blair turned 65, CVS revoked both accommodations, citing unidentified "business changes." When Blair complained that CVS was pushing her out because of her age, CVS rejected her complaint six days later. CVS terminated Blair on October 6, 2024, while she was on medical leave, and replaced her with a nurse practitioner in her 30s.

Blair brings this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("IHRA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Blair's ADEA and FMLA claims under 28 U.S.C. § 1331, 29 U.S.C. § 626(c)(1), and 29 U.S.C. § 2617(a)(2).

2. This Court has supplemental jurisdiction over Blair's IHRA claims under 28 U.S.C. § 1367(a) because those claims arise from the same facts as her federal claims and form part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Blair's claims occurred here. Blair worked at the MinuteClinic in Lockport, Will County, Illinois, and CVS made and carried out the decisions at issue with respect to that clinic.

## PARTIES

4. Plaintiff Paula Blair resides in Mokena, Will County, Illinois. Blair was born in June 1959. She was 65 years old when CVS terminated her employment.

5. At all relevant times, Blair was an "employee" of Defendant within the meaning of the ADEA, the FMLA, and the IHRA.

6. Defendant CVS PHARMACY, INC. d/b/a CVS HEALTH ("CVS" or "Defendant") is a Delaware corporation with its principal place of business at in Woonsocket, Rhode Island.

7. At all relevant times, CVS was an "employer" within the meaning of the ADEA, the ADEA, the FMLA, and the IHRA.

## ADMINISTRATIVE PROCEDURES

8. Blair timely cross-filed a charge of discrimination against CVS with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission. Blair exhausted all administrative remedies before filing this lawsuit.

## FACTUAL ALLEGATIONS

*Blair's Thirteen Years of Strong Performance for CVS*

9. CVS hired Blair as an Advanced Practice Registered Nurse ("APRN") in March 2011.

10. Blair worked primarily at the MinuteClinic in Lockport, Illinois, where she assessed and treated patients, prescribed medications, and provided follow-up care. Blair also floated to other MinuteClinic locations in the region and covered on-call shifts.

11. Blair excelled. She trained students and new employees as a preceptor, served as an Epic "super user" for her colleagues, and received CVS's Paragon Award in or around 2015.

12. CVS consistently rated Blair's performance favorably, including in her March 2024 review, three months before CVS revoked her accommodations. Blair regularly reached the top tier for RVU bonuses and maintained excellent patient satisfaction scores.

13. CVS never disciplined Blair in more than thirteen years of employment.

*CVS Approved and Honored Blair's Accommodations for Four Years*

14. In January 2020, Blair underwent surgery to fuse the wrist of her dominant hand. The surgery left Blair with permanent physical limitations: she cannot perform CPR chest compressions, and she cannot safely perform pelvic exams without assistance.

15. Blair's wrist condition qualifies as a "disability" within the meaning of the IHRA, 775 ILCS 5/1-103(I).

16. In May 2020, Blair's orthopedic surgeon released her to return to work with restrictions on CPR compressions and a requirement that she use an electronic blood pressure cuff.

17. CVS approved Blair's request for accommodation in June 2020. Senior Practice Manager Kristin Turnbull, Blair's supervisor at the time, worked with CVS Reasonable Accommodations Partner Benjamin DiPaola to set its terms.

18. Under the accommodation, Blair confirmed at the start of each shift that a pharmacist was on site to perform chest compressions if a patient needed CPR, while Blair operated the AED, delivered respirations, and managed the emergency.

19. CVS needed Blair to keep floating with this accommodation in place. On July 30, 2020, Turnbull wrote to DiPaola that Blair's ability to "float and staff different work sites is crucial."

20. On September 27, 2022, Blair's doctor confirmed that Blair's restrictions were permanent.

21. CVS updated Blair's accommodation to include these restrictions effective August 1, 2022, and confirmed the update in writing on October 13, 2022.

22. The pelvic exam accommodation matched CVS's own clinical guidelines, which call for clinical support staff to be available during pelvic exams.

23. Pelvic exams were an infrequent part of Blair's practice, arising roughly once per month.

24. Blair never had to perform CPR on a patient during the entirety of her employment.

25. Regional Manager Tiffany Budzinski became Blair's supervisor in 2021. Blair forwarded the terms of her accommodation to Budzinski in June 2021 and sent Budzinski her updated physician documentation in September 2022. Budzinski acknowledged the update.

26. Blair worked with these accommodations from 2020 through June 2024 without incident.

27. During this time, CVS believed Blair's accommodation were reasonable accommodations for her disability.

*Budzinski's Pattern of Pushing Out Older Providers*

28. In the three years before CVS terminated Blair, Budzinski removed at least two other providers over the age of 60. Budzinski terminated Patricia, a provider approximately 62 years old, in or around 2022. Budzinski forced out Helen Skrzecz, a provider approximately 65 years old, in or around 2021 or 2022 by assigning her a schedule she could not work while she used intermittent FMLA leave to care for her daughter, who had cancer.

29. On information and belief, CVS replaced each of these older providers with a provider in their 30s.

*CVS Revokes Blair's Accommodations*

30. On May 1, 2024, Budzinski told Blair that Human Resources needed updated information about her accommodations.

31. HR representative Jake Pierce told Blair that Human Resources had made no such request and that "your leadership" had requested the review. Pierce questioned why CVS needed to review an accommodation for a permanent condition.

32. On June 6, 2024, CVS revoked both accommodations. CVS's letter stated that "[d]ue to business changes" CVS was "no longer able to accommodate the restrictions of not performing CPR and not providing pelvic exams on a permanent basis." CVS did not identify any business change.

33. CVS's letter also told Blair that she had "recently requested an accommodation", but Blair had not requested any change to her accommodation.

34. CVS opened a reassignment case and informed Blair that it would terminate her employment on July 13, 2024, if it could not find her another position.

35. Despite claiming it could no longer accommodate Blair, CVS asked her to continue working as an APRN, *with the same accommodations*, for 30 more days while it searched for a reassignment.

36. Blair continued performing her duties without incident during these 30 days.

37. CVS never explained to Blair why accommodations that had worked for four years had suddenly become unworkable, and it never explored alternatives that would have allowed Blair to remain in her position.

*CVS Rejected Blair's Complaint of Age Discrimination*

38. On June 21, 2024, Blair complained in writing to CVS Health Executive Vice President and Chief People Officer Laurie Havanec that CVS was discriminating against her because of her age and disability. Blair explained that her condition had not changed, that no patient had ever needed CPR, and that "[w]hat has changed is my age." She called the reassignment notice "unwarranted and suspicious" and stated that she was "unwilling to be terminated for my age."

39. Six days later, on June 27, 2024, CVS Health Senior Manager of Investigations Barbara Baugh rejected Blair's complaint. Baugh concluded that no evidence supported age discrimination and asserted that CVS denied the accommodation because of Blair's "inability to perform essential job functions."

*CVS Terminated Blair at the End of Her FMLA Leave*

40. After CVS revoked her accommodations, Blair applied for leave under the FMLA and CVS approved the leave. Blair's leave began on or about July 15, 2024.

41. On October 7, 2024, CVS terminated Blair's employment.

42. CVS replaced Blair with a nurse practitioner named Aniat, who is in her 30s.

43. When CVS terminated her, Blair was 65 years old, held every qualification for her position, and had performed it successfully for more than thirteen years.

44. CVS acted willfully, intentionally, and with malice or reckless indifference to Blair's rights under federal and Illinois law.

45. As a direct result of CVS's conduct, Blair has lost wages, bonuses, health insurance, retirement contributions, and other benefits. She has also suffered emotional distress, humiliation, inconvenience, and damage to her professional reputation.

## COUNT I
## Age Discrimination and Retaliation in Violation of the ADEA, 29 U.S.C. §§ 623(a)(1), 623(d), and the IHRA, 775 ILCS 5/2-102(A), 5/6-101(A)

46. Blair incorporates all prior paragraphs as if fully stated in this Count.

47. Blair was over 40 years old at all relevant times and is protected from age discrimination by the ADEA, 29 U.S.C. § 631(a), and the IHRA, 775 ILCS 5/1-103(A), (Q).

48. CVS terminated Blair because of her age. But for her age, CVS would not have revoked her long-standing accommodations, refused to reassign her, or terminated her employment.

49. The facts demonstrate CVS's discriminatory motive. CVS revoked Blair's accommodations two days before her 65th birthday, even though nothing about her condition, her duties, or CVS's operations had changed. Budzinski initiated the review even though Human Resources had not requested one, and CVS falsely told Blair that she had requested it. CVS gave shifting explanations for its decision. Budzinski had already pushed out two other providers over 60. CVS replaced Blair with a provider in her 30s.

50. Blair engaged in protected activity under the ADEA and the IHRA when she complained in writing to CVS's Chief People Officer on June 21, 2024, and to CVS's Colleague

Relations investigator on July 1, 2024, that CVS was discriminating against her because of her age. CVS knew of these complaints. Its Colleague Relations department investigated and rejected them.

51. CVS terminated Blair on October 6, 2024, in retaliation for her complaints of age discrimination. CVS's shifting explanations, its refusal to reassign Blair to a vacant position for which she was qualified, and the sequence of events following her complaints demonstrate the causal connection between her protected activity and her termination.

52. CVS's violations of the ADEA were willful. CVS knew of or showed reckless disregard for whether its conduct violated the ADEA, entitling Blair to liquidated damages under 29 U.S.C. § 626(b). CVS's violations of the IHRA were willful and committed with malice or reckless indifference to Blair's rights.

53. As a result of CVS's age discrimination and retaliation, Blair has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, inconvenience, and damage to her professional reputation.

**<u>COUNT II</u>**
**Interference and Retaliation in Violation of the FMLA,**
**29 U.S.C. § 2615(a)**

54. Blair incorporates all prior paragraphs as if fully stated in this Count.

55. Blair was an eligible employee under 29 U.S.C. § 2611(2), and CVS was a covered employer under 29 U.S.C. § 2611(4).

56. Blair was entitled to FMLA leave because of a serious health condition that made her unable to perform the functions of her position. 29 U.S.C. § 2612(a)(1)(D). Blair gave CVS notice of her need for leave, and CVS approved it.

57. CVS interfered with, restrained, and denied Blair's exercise of her FMLA rights by terminating her employment while she was on protected leave and by denying her the right to be restored to her position or an equivalent position. 29 U.S.C. §§ 2614(a)(1), 2615(a)(1).

58. CVS also terminated Blair because she requested and took FMLA leave, in violation of 29 U.S.C. § 2615(a). The timing of her termination, CVS's shifting explanations for its decisions, and Budzinski's history of pushing out a provider who used intermittent FMLA leave demonstrate that Blair's leave caused her termination.

59. CVS's violations were willful, and CVS did not act in good faith or with reasonable grounds for believing its conduct complied with the FMLA.

60. As a result of CVS's violations, Blair has suffered lost wages, salary, employment benefits, and other compensation, and she is entitled to interest on those losses and to liquidated damages under 29 U.S.C. § 2617(a)(1)(A).

## COUNT III
**Disability Discrimination, Failure to Accommodate, and Retaliation in Violation of the IHRA, 775 ILCS 5/2-102(A), 5/6-101(A)**

61. Blair incorporates all prior paragraphs as if fully stated in this Count.

62. Blair has a disability within the meaning of the IHRA, 775 ILCS 5/1-103(I). Blair could perform the essential functions of her APRN position with reasonable accommodation, as she did for more than four years.

63. CVS revoked Blair's accommodations and terminated her employment because of her disability, in violation of 775 ILCS 5/2-102(A).

64. The IHRA requires an employer to make reasonable accommodations for the known physical limitations of an otherwise qualified employee with a disability unless the employer demonstrates that the accommodation would impose an undue hardship. 56 Ill. Adm.

Code 2500.40. CVS knew of Blair's disability. It approved accommodations for her limitations in 2020, updated them in 2022, and honored them until June 2024.

65. Blair's accommodations were reasonable and imposed no undue hardship on CVS. CVS provided them for four years, asked Blair to continue working with them for 30 days after it revoked them, and never identified any change that made them unworkable. CVS failed to accommodate Blair by revoking her accommodations, failing to engage with her in good faith about alternatives, failing to reassign her to a vacant position for which she was qualified, and terminating her employment.

66. Blair engaged in protected activity under the IHRA when, on July 1, 2024, she objected in writing that CVS's revocation of her accommodations violated her rights as an employee with a disability. CVS knew of her objection and terminated her employment on October 6, 2024, in retaliation for it, in violation of 775 ILCS 5/6-101(A).

67. CVS acted willfully and with malice or reckless indifference to Blair's rights under the IHRA.

68. As a result of CVS's disability discrimination, failure to accommodate, and retaliation, Blair has suffered and continues to suffer lost wages and benefits, emotional distress, humiliation, inconvenience, and damage to her professional reputation.

## PRAYER FOR RELIEF

Plaintiff Paula Blair respectfully requests that the Court enter judgment in her favor and against Defendant CVS PHARMACY, INC. d/b/a CVS HEALTH and award the following relief:

A. A declaration that CVS violated the ADEA, the FMLA, and the IHRA;

B. Back pay, lost bonuses, and the value of lost fringe benefits;

C. Reinstatement or, in lieu of reinstatement, front pay;

D. Liquidated damages under the ADEA;

E. Actual damages under the IHRA, including compensatory damages for emotional distress, humiliation, inconvenience, and damage to professional reputation;

F. Punitive damages under the IHRA;

G. Prejudgment interest on back pay, lost benefits, and actual damages from the date of each violation;

H. An injunction prohibiting CVS from further discrimination and retaliation against Blair;

I. Reasonable attorneys' fees, expert witness fees, and costs;

J. Post-judgment interest; and

K. Any other relief the Court finds just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Ryan O. Estes*
Ryan O. Estes
ARDC No. 6312755
**KAPLAN LAW FIRM, PLLC**
318 W. Adams St., Ste. 1715-4
Chicago, Illinois 60606
Telephone: (512) 814-7348
restes@kaplanlawatx.com

Counsel for Plaintiff Paula Blair